Opinion by
Mr. Justice Sutton.
We shall refer to the parties as they appeared in the trial court where plantiffs in error were plaintiffs and defendants in error were defendants.
Plaintiffs’ complaint sought damages in the trial court. It alleged in substance that they had contracted with Jess Dunbar, doing business as Jess’s Concrete, *56 for Dunbar to furnish concrete for the foundation and basement walls of a new house being constructed by plaintiffs in Jefferson County. It was asserted that the concrete was purchased by Dunbar from these defendants and that it later proved to have been defective and not of the required strength. Both the Herbertsons and Dunbar were named as defendants in the action; however, no service was secured on Dunbar, and he did not appear and is not a party to any of the proceedings. A general denial was filed except as to Dunbar’s ordering the concrete. There was a written Pre-Trial Order which detailed certain agreed evidence and procedure.
Following a two day trial to the court, a written “Findings, Conclusions and Order” was entered. After reference to pertinent evidence and testimony, the court found “from all the evidence that the flaws, if any, in the concrete, were the result of the manner in which the concrete was installed, and not because of defective concrete.” Plaintiffs’ claim was ordered dismissed and costs were awarded the defendants. We agree with the judgment entered thereon for the reasons hereinafter set forth.
Several grounds are urged for reversal, however, in our view, they can be summarized as follows:
(1) That the defendants failed to sustain their burden of proof to show that the concrete delivered at the job site met the specifications; and,
(2) That the trial court improperly considered certain affirmative defenses such as waiver and ' contributory negligence when these were not affirmatively pleaded.
As to the first ground for reversal, we point out that the burden of proof was on the plaintiffs, not the defendants. It was the plaintiffs who had to show that the concrete did not meet the specifications. In addition, there is sufficient evidence in the record to sustain a finding by the trial court “that the flaws, if any,” arose from the installation, i.e., after the arrival of the mix at the job site and after plaintiffs’ agents *57 had assumed supervisory control. In such a case we will not disturb the findings on review. Hayutin v. Gibbons, 139 Colo. 262, 267, 338 P.2d 1032, 1036 (1959).
In regard to the second ground for reversal concerning the affirmative defenses, plaintiffs misconceive the issue here. The Pre-Trial Order expressly provided that the defendants could call as witnesses (among others) “Employees of defendants who have independent knowledge of the matters here in controversy,” as well as introduce “Copies of the invoices covering the concrete delivered by defendants to plaintiffs’ residence.” In addition, plaintiffs were to submit samples of the concrete and analyses of same — which naturally allowed defendants leeway to show why the material was in that condition. Under this umbrella, evidence was adduced which supports the trial court’s findings that the material as specified was delivered to the job site but that Dunbar or his employees ordered additional water added to it before it was poured. It further appears that the concrete was poured in February without an antifreeze in the mix and was protected from freezing by plaintiffs or their agents only with some straw. The evidence was that unless the mix is properly protected from freezing, it may be harmful to the set. There was also expert testimony that additional water will decrease a cement’s test strength.
Unquestionably here the defendants’ driver had control of the mix until it arrived at the job site. Thereafter, however, he and his cargo were subject to the will and pleasure of plaintiffs’ agents as to what would be added, if anything, to the concrete and where it would be poured. What happened to it, at least in regard to those two matters, was not the responsibility of these defendants.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Day and Mr. Justice Hodges concur.